UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-499 (JFB) (ARL)
_____

STEPHEN FLANAGAN, AS A TRUSTEE OF THE GENERAL BUILDING LABORERS' LOCAL 66 PENSION FUND, THE GENERAL BUILDING LABORERS' LOCAL 66 WELFARE FUND, THE GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND, THE GENERAL BUILDING LABORERS' LOCAL 66 ANNUITY FUND, THE GENERAL BUILDING LABORERS' LOCAL 66 LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND, THE GENERAL BUILDING LABORERS' LOCAL 66 GREATER NY LABORERS' EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST FUND, THE GENERAL BUILDING LABORERS' LOCAL 66 TRAINING PROGRAM, THE GENERAL BUILDING LABORERS' LOCAL 66 NEW YORK STATE HEALTH AND SAFETY FUND, AND AS BUSINESS MANAGER OF THE GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,

Plaintiffs,

VERSUS

MODERN CONCRETE CORPORATION AND RENO ROTONDO,

Defendants.

_____

MEMORANDUM AND ORDER
June 23, 2008
_____

JOSEPH F. BIANCO, District Judge:

Stephen Flanagan, as Trustee and Business Manager of a variety of union funds[1]

---

[1] Flanagan is acting as Trustee of the General Building Laborers' Local 66 Pension Fund, the General Building Laborers' Local 66 Welfare Fund, the General Building Laborers' Local 66 Vacation Fund, the General Building Laborers' Local 66 Annuity Fund, the General Building Laborers' Local 66 Laborers' Employer Cooperative and Educational Trust Fund, the General Building Laborers' Local 66 Greater NY Laborers' Employer Cooperative and Educational Trust Fund, the General Building Laborers' Local 66 Training Program, and the General Building Laborers' Local 66 New York State Health and Safety Fund. He is acting as Business Manager of the General Building Laborers' Local Union No. 66 of the Laborers' International Union of North

(hereinafter, "plaintiffs") bring the instant action against Modern Concrete Corporation (hereinafter, "Modern") and Reno Rotondo (hereinafter, "Rotondo") (collectively, "defendants"), alleging claims for breach of contract under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, and Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Plaintiffs have moved for a default judgment against defendants and defendants have moved to set aside the entry of a default, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion for a default judgment is denied and the motion to set aside the entry of the default is granted.

I. BACKGROUND

On February 5, 2007, plaintiffs filed an action in the Eastern District of New York, alleging claims for breach of contract – specifically, breach of the collective bargaining agreement. Plaintiffs filed an Amended Complaint on May 3, 2007.

A summons was issued on February 5, 2007 as to both Modern and Rotondo. There was no further action in the case until January 9, 2008, when the Court issued an Order requiring plaintiffs to submit a status update. On January 23, 2008, plaintiffs filed notice that the summons was returned executed. Specifically, the notice indicated that both Modern and Rotondo were served on May 9, 2007.

On February 8, 2008, plaintiffs moved the Court to enter a default judgment against defendants. On February 27, 2008, the Clerk of the Court entered a notation of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On March 27, 2008, the Court issued an Order to Show Cause as to why a default judgment should not be issued against defendants. By letter dated April 4, 2008, counsel for defendants notified the Court that defendants intended to answer the lawsuit and requested additional time to respond to the Order to Show Cause. On April 4, 2008, the Court granted defendants' request for additional time to respond. On April 11, 2008, defendants replied to the Order to Show Cause by seeking to set aside the entry of the default under Rule 55(c) of the Federal Rules of Civil Procedure. Plaintiffs did not file an opposition to defendants' response to the Order to Show Cause.

II. MOTION FOR DEFAULT JUDGMENT

A. Standard of Review

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining and vacating an entry of a default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Following entry of default upon the plaintiffs' request, defendants may seek to set aside the entry of default pursuant to Rule 55(c). *See, e.g., Meehan v. Snow*, 652 F.2d 274, 276 n.5 (2d Cir. 1981) ("Entering a default pursuant to Rule 55(a) and affording a defendant an opportunity to move to vacate it pursuant to Rule 55(c) is the preferable course."). If a Rule 55(c) motion is not made or is unsuccessful, and if no hearing is necessary to determine damages, a default judgment may be entered by the court or by

---

America, AFL-CIO.

2

the clerk. *Id.* at 276. Under Rule 55(c), the court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c). As the Second Circuit has explained, "[b]ecause Rule 55(c) does not define the term 'good cause,' we have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). Specifically, the factors to be considered in deciding whether to relieve a party of a default under Rule 55(c) are the following: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.*; *accord Comm. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994). The Court is also permitted to consider relevant equitable factors, including whether failure to appear "was 'a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result.'" *Brown v. Gabbidon*, No. 06-CV-8148 (HB), 2007 U.S. Dist. LEXIS 35134, at *8 (S.D.N.Y. May 15, 2007) (quoting *Enron Oil Corp.*, 10 F.3d at 96). The Second Circuit also has noted that "[a]lthough the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." *Enron Oil Corp.*, 10 F.3d at 96 (citation omitted).

"Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp.*, 10 F.3d at 96). Thus, "good cause" under Rule 55(c) "should be construed generously." *Enron Oil Corp.*, 10 F.3d at 96. For example, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* Finally, "[t]he dispositions of motions for entries of defaults and default judgments and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp.*, 10 F.3d at 95 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)).

B. Discussion

As set forth below, after carefully analyzing the circumstances of this case under the above-referenced standard, the Court concludes that a default judgment is unwarranted and the entry of the default should be set aside under Rule 55(c) of the Federal Rules of Civil Procedure. The Court will analyze the relevant factors in turn.

1. Willfulness

Defendants contend that their failure to appear in the instant action was not willful. As discussed below, the Court finds insufficient evidence in the record that defendants' failure to appear was willful.

"'Willfulness,' in the context of a default . . . refer[s] to conduct that is more than merely negligent or careless." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *Enron Oil Corp.*, 10 F.3d at 97 (failure to answer second amended complaint not willful if *pro se* defendant did not receive

3

complaint)) (additional citations omitted); *accord Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (requiring "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error").

Defendants contest the service of the Summons and Complaint, alleging that they have never been served with, nor have they received, copies of the documents. (Defs.' Mem. of Law, at 3.) Specifically, in the Affidavit of Maria Rotondo, the wife of Reno Rotondo, she explained:

> I have reviewed the Affidavit of Service submitted in support of the plaintiff's request for the entry of a default judgment. That Affidavit asserts that the Summons and Complaint were served on May 9th, 2007, by delivering a copy to an individual named "John M. refused surname," alleging that such person is a manager for Modern Concrete Corp. The Affidavit further asserts that the process was served at 152 West Pulaski Road, Huntington Station, New York, and alleges that this essentially unidentified person "stated they are authorized to accept service."
>
> Modern Concrete Corp. did not have a manager by the name of John employed at 152 West Pulaski Road or any other location in May of 2007.
>
> It is important for the court to note that the address is a yard for the storage of equipment and materials, and is shared by a number of unrelated companies, none of whom are affiliated with Modern Concrete Corp. While it is possible that the process server actually delivered paperwork to someone named John, such a person was absolutely not authorized to accept service on behalf of Modern Concrete Corp., and such a person was not an officer, director, shareholder or manager of Modern Concrete Corp. on the date in question.

(Maria Rotondo Aff. ¶¶ 4, 5.) Defendants contend that no documents related to this action were ever received, in person or in the mail, that were addressed to either Reno Rotondo or Modern Concrete Corporation at 152 West Pulaski Road, nor was any such mail received at Rotondo's home. (*Id.* ¶¶ 6, 8.) They further allege that the only notice defendants received that alerted them of this pending action was on March 31, 2008, when they received a copy of this Court's March 27, 2008 Order to Show Cause, dated March 27, 2008, along with a copy of a Request by the plaintiffs to enter a default judgment against defendants. (*Id.* ¶ 2.)

Plaintiffs have not submitted any arguments to the Court to undermine defendants' position that defendants were never served with, nor received, the Summons and Complaint. After reviewing the Affidavit of Service, a person named "John M." who refused to provide a surname, accepted service

4

on 152 W. Pulaski Road, Huntington Station, NY 11746, and defendants allege that such a person was not authorized to accept service on behalf of Modern and Rotondo.

In short, there is no indication that their failure to appear was willful. In fact, defendants took action immediately upon receipt of this Court's May 27, 2008 Order and a copy of plaintiffs' motion for a default judgment. (Wallenstein Aff. ¶ 3.) Defendants immediately contacted corporate counsel and took appropriate steps to vacate such a default. (*Id.*) It is entirely unclear that defendants, who had not yet retained counsel because they were allegedly unaware of the lawsuit, understood that the time to answer had expired and that defendants were in default during this period. Under the lenient standard of Rule 55(c), the Court must resolve any doubt about defendants' willfulness in favor of the defendants. *Enron Oil Corp.*, 10 F.3d at 98.

Accordingly, given the lack of clear evidence of a willful failure to appear in this case, this factor weighs in the defendants' favor.

### 2. Prejudice to Plaintiffs

The Court must also consider the extent of the prejudice that plaintiffs would suffer if a default judgment were not entered. A plaintiff may demonstrate prejudice by showing that his "'ability to pursue the claim has been hindered since the entry of the judgment' or by 'the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Brown*, 2007 U.S. Dist. LEXIS 35134, at *10 (quoting *Farrell v. Cty. Van & Storage, Inc.*, No. 96-CV-1174 (ILG), 1996 WL 705276, at *3 (E.D.N.Y. Nov. 25, 1996)).

Here, there is no evidence that plaintiffs have been prejudiced in being able to pursue such a claim. In fact, the docket sheet indicates that plaintiffs have not timely pursued judicial intervention. For instance, plaintiffs allegedly served the pleadings in this action during May 2007, almost three months after the complaint was first filed. No action was taken for eight months. It was only when this Court issued an Order on January 9, 2008 requiring a status update on the case did plaintiffs file proof of service and seek a default. Moreover, although an entry of default was entered by the Clerk of the Court, no default judgment has been granted or entered by the Court.

In short, the Court finds that plaintiffs have not provided any facts to establish that they would be prejudiced in vacating the default and allowing defendants to respond to the complaint. There has been no entry of a default judgment in this case and, therefore, plaintiffs cannot establish any reliance on a judgment. Further, plaintiffs have provided no proof that evidence has been lost as a result of the delay, or that fraud or collusion are likely to result by granting defendants' request. Plaintiffs did not act in this case over eight months and, during this period of inaction, plaintiffs never complained of the sort of prejudice to warrant a default judgment. Accordingly, the lack of prejudice to the plaintiffs militates in favor of defendants' request.

### 3. Meritorious Defense

With regard to the meritorious defense factor of Rule 55, the Second Circuit has held:

A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.

*Enron Oil Corp.*, 10 F.3d at 98 (internal citations omitted); *accord McNulty*, 137 F.3d at 740; *Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf*, No. 05-CV-10098 (CSH), 2006 U.S. Dist. LEXIS 72711, at *3-*4 (S.D.N.Y. Oct. 4, 2006) ("[T]o show the meritorious defense required by a Rule 55(c) application for relief 'a defendant must go further than alleging that a defense exists. Instead, the defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted.'") (quoting 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.50 [1] [b][ii] (3d ed. 2005)). In terms of evidence, defendants argue, with the support of the Affidavit of Maria Rotondo, that they will assert the following defenses:

> There exists a meritorious defense to this action. The contract between Modern Concrete Corp. and the plaintiff funds requires contribution to the various funds on behalf of workers employed by Modern Concrete Corp. from time to time. In January of 2007, we had a discussion with an official of the union, and informed them that Modern Concrete was out of business. Our equipment has been sold at public auction, we have no employees and any unfinished jobs are being performed by other companies.
>
> In a discussion with union officials in January, 2007, we were advised that Modern Concrete had no further liability to the unions or to their pension funds, in recognition of the fact that we have no business and no employees. Thereafter, in reliance on the representation of union officials, we made no further contributions, assuming that we were up to date and current in our obligations and could simply liquidate the company.

(Maria Rotondo Aff. ¶¶ 9, 10.) If the defendants can demonstrate that they have met all of their obligations to the plaintiff funds and do not owe any money, thereby satisfying the collective bargaining agreement, defendants would have a defense to this lawsuit. The Court concludes that the information contained within the Affidavit of Maria Rotondo is sufficient at this stage of the litigation, for purposes of Rule 55, for the Court to conclude that it would be unfair to deprive defendants of an opportunity to present their defense in court, regardless of whether it will ultimately carry the day.

4. Equitable Factors

Based upon the fact that defendants have affirmed that their failure to appear was a result of their failure to receive any pleadings and because entry of default would result in "a harsh or unfair result" by denying defendants

the opportunity to defend the action on the merits, the balance of equities also weighs heavily in favor of declining to enter a default judgment. *Altamirano v. Copaiague Funding Corp.*, No. 06-CV-1751 (PCD), 2007 U.S. Dist. LEXIS 30310, at *9 (D. Conn. Apr. 25, 2007) (holding that denial of opportunity to litigate merits of case constituted "harsh or unfair result").

In sum, as the Court finds that the Rule 55 factors and equitable considerations as a whole overwhelmingly weigh in favor of declining to enter a default judgment against defendants, the Court denies plaintiffs' motion for a default judgment and grants defendants' motion to set aside the entry of default.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment against defendants is DENIED. Defendants' motion to set aside the entry of the default is GRANTED pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Defendants are granted leave to answer the complaint by July 18, 2008.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 23, 2008
Central Islip, New York

* * *

The attorney for plaintiffs is Alicia M. Gryn, Esq., of the Law Offices of William T. LaVelle, P.C., The LaVelle Building, 57 East Main Street , Patchogue, NY 11772. The attorney for defendants is John S. Wallenstein, Esq., 220 Old Country Road, Mineola, NY 11501.